IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASMEEN EDMONDS-LAMBERT, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 14-4151 |
| | : | |
| METRO AUTO SALES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**MARILYN HEFFLEY, U.S.M.J.**                                                                 **March 17, 2015**

Plaintiff Yasmeen Edmonds-Lambert ("Plaintiff" or "Edmonds-Lambert") commenced this action against Defendants Metro Auto Sales, Inc., doing business as Value Kia ("Value Kia"), Michael Capers, and Capital One Auto Finance ("Capital One") (collectively, "Defendants") by filing a Complaint on October 22, 2013 in the Court of Common Pleas of Philadelphia County.  See Pl.'s Compl. (attached as an exhibit to Defendants' Notice of Removal (Doc. No. 1)).  Plaintiff's claims arise from her purchase of a used 2011 Kia Optima from Value Kia.  In her Complaint, she raises the following counts against each Defendant unless otherwise noted: fraud (Count I); breach of contract (Count II); negligence (Count III); negligent misrepresentation (Count IV); violation of the Odometer Disclosure Law, 75 Pa. Cons. Stat. §§ 7131-7139 (Count V); breach of express and implied warranties (Count VI); violation of the secured transaction section of the Uniform Commercial Code ("UCC") as adopted by Pennsylvania (Count VII), 13 Pa. Cons. Stat. §§ 9201-9210, against Defendant Capital One; and violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1-201-9.3 (Count VIII).  See id.  Defendants removed this action to the United States District Court for the Eastern District of Pennsylvania on July 8, 2014 after

learning that Plaintiff was a resident of Georgia rather than Pennsylvania as she had alleged in her Complaint.  See Defs.' Notice of Removal at 4.

On December 4, 2014, upon consent of the parties and by Order of the Honorable Juan R. Sanchez, the instant matter was referred to the undersigned to conduct all further proceedings through trial.  Doc. No. 53.  Currently pending before this Court is Defendants' Motion for Summary Judgment (Doc. No. 19), Plaintiff's Response in Opposition (Doc. Nos. 23, 24), and Defendants' Reply (Doc. No. 26).  Defendants move for summary judgment on all of Plaintiff's counts, seeking dismissal of the entire action.  For the reasons that follow, Defendants' motion is granted in part and denied in part.  The Court has considered the parties' submissions and concludes that summary judgment is appropriate for Plaintiff's Odometer Disclosure Law claim as to all Defendants and Plaintiff's breach of contract claim as to Defendants Michael Capers and Capital One.[1]

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Williams v. Borough of West Chester, 891 F.2d 458, 463-64 (3d Cir. 1989).  A factual dispute is "material" only if it might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For an issue to be "genuine," a reasonable fact finder must be able to return a verdict (or render a decision) in favor of the non-moving party.  Id.  If the movant sustains its burden, the non-movant must set forth facts demonstrating the existence of a genuine dispute to survive summary judgment.  Id. at 255.

---

[1]   Plaintiff has chosen to withdraw her UCC claim (Count VII).  See Pl.'s Resp. at 11.  The Court will, therefore, grant Plaintiff's request.

The non-movant must raise "more than a mere scintilla of evidence in its favor" to overcome summary judgment, and cannot rely on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of West Chester, 891 F.2d at 460; see Roa v. City of Bethlehem, 782 F. Supp. 1008, 1014 (E.D. Pa. 1991) (a party resisting a motion for summary judgment must specifically identify evidence of record which supports his or her claim and upon which a verdict in his or her favor may be based). With respect to an issue on which the non-moving party has the burden of proof, the burden on the moving party may be discharged by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. at 325.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative. Brewer v. Quaker State Oil Refining Co., 72 F.3d 326, 331 (3d Cir. 1995). Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987); Baker v. Lukens Steel Co., 793 F.2d 509, 511 (3d Cir. 1986). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

**II.   DISCUSSION**

   **A.  Plaintiff's Odometer Disclosure Law Claim (Count V) Fails as a Matter of Law**

In Count V of her Complaint, Plaintiff alleges that all Defendants violated the Pennsylvania Odometer Disclosure Law by failing "to provide Plaintiff with [a] signed, handwritten odometer disclosure statement prior to or contemporaneous with the sale of the subject vehicle(s) setting forth the mileage at the time of the change of ownership." Pl.'s Compl.

3

at 13.  Defendants argue that Plaintiff received and signed the odometer statement in connection with the used car sale transaction and that her claim is meritless.  Defs.' Br. at 10.

In response, Plaintiff argues that the "[m]ovant failed to complete the Odometer Disclosure Statement as required by law in that the transferor's name, address, city, state, and ZIP as well as the date of the statement are not completed."  Pl.'s Resp. at 10.  Plaintiff further contends that the operative "statute does not require a specific intent to defraud as to the odometer reading disclosure information.  Rather a general intent to defraud, here alleged regarding Value Kia selling frame damaged cars without required disclosure of the condition, clearly informs the statute's prohibitions."  Id.

For civil liability, the Odometer Disclosure Law holds liable "[a] person who, with intent to defraud, violates any requirement imposed under this subchapter."  75 Pa. Cons. Stat. § 7138(a).  Plaintiff has not alleged in her Complaint, nor does she argue in her Response to Defendants' Motion for Summary Judgment, that Defendants acted with intent to defraud when they allegedly failed to comply with the odometer disclosure requirements found in the applicable subchapter.  See 75 Pa. Cons. Stat. §§ 7131-7139.  Instead, Plaintiff argues, without citing any support, that only a general intent to defraud is required, and that the Odometer Disclosure Law "does not require a specific intent to defraud as to the odometer reading disclosure information."  See Pl.'s Resp. at 10.  Plaintiff's interpretation of the law, however, is incorrect.  The plain language of the law expressly requires intent to defraud in connection with the required odometer disclosure information outlined in this subchapter.[2]  Therefore, Defendants are entitled to summary judgment and this claim is dismissed as a matter of law with respect to all Defendants.

---

[2]   The Pennsylvania Supreme Court has held that "[t]he plain language of a statute is the foremost indication of legislative intent."  Trills v. Cores, 851 A.2d 903, 905 (Pa. 2004).

### B. Plaintiff's Breach of Contract Claim (Count II) as to Defendants Capers and Capital One Fails as a Matter of Law

Defendants Capers and Capital One argue that the only contract at issue is between Value Kia and Plaintiff, and that because Capers and Capital One are not parties to the contract, they should be dismissed from Plaintiff's breach of contract claim. Defs.' Br. at 7. Plaintiff does not appear to contest this point, nor does she offer any evidence that Capers and Capital One are parties to the contract. "Under Pennsylvania law, a defendant who is neither a party nor a signatory to a contract cannot be held liable for breach of contract." KDH Electronic Systems, Inc. v. Curtis Technology Ltd., 826 F. Supp. 2d 782, 794 (E.D. Pa. 2011). Count II is, therefore, dismissed as a matter of law as to Defendants Capers and Capital One.

### C. Defendants' Remaining Counts

This Court finds that issues of material fact exist as to Plaintiffs' remaining counts. For instance, genuine issues of material fact exist as to the condition of the vehicle and its frame at the time of the sale. Therefore, I will deny Defendants' Motion for Summary Judgment with respect to Count I (Fraud), Count II with respect to Value Kia (breach of contract), Count III (negligence), Count IV (negligent misrepresentation); Count VI (breach of express and implied warranties), and Count VIII (violation of the UTPCPL).

### III. CONCLUSION

For the reasons set forth above, I now enter the following:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASMEEN EDMONDS-LAMBERT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 14-4151 |
| METRO AUTO SALES, INC., et al., | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 17th day of March, 2015, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 19), Plaintiff's Response in Opposition (Doc. No. 23) and Defendants' Reply (Doc. No. 26), it is hereby ORDERED that Defendants' Motion (Doc. No. 19) is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' Motion for Summary Judgment with respect to Count I (Fraud), Count II as to Value Kia (breach of contract), Count III (negligence), Count IV (negligent misrepresentation); Count VI (breach of express and implied warranties), and Count VIII (violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law) is DENIED;

2. Defendants' Motion for Summary Judgment with respect to Count II as to Michael Capers and Capital One (breach of contract) and Count V (violation of the Pennsylvania Odometer Disclosure Law) is GRANTED and these claims are dismissed; and

3. Plaintiff's Uniform Commercial Code claim (Count VII) is withdrawn.

BY THE COURT:

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE

6